UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Bank National Association, doing business as U.S. Bank Equipment Finance, | Civ. No. 23-3443 (PAM/DJF) |
| Plaintiff, | |
| v. | |
| Copy Center of Topeka, Inc., | **MEMORANDUM AND ORDER** |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| Konica Minolta Business Solutions U.S.A., Inc., | |
| Third-Party Defendant. | |

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff U.S. Bank National Association ("US Bank") filed this lawsuit in the state district court for Lyon County, Minnesota against Defendant Copy Center of Topeka, Inc., a Maine company doing business in Kansas. US Bank alleged that the Copy Center failed to make payments under three equipment financing agreements that Konica Minolta Business Solutions U.S.A., Inc. ("Konica Minolta") assigned to US Bank. The Complaint raises three breach-of-contract claims and a claim for delivery of the equipment, all under state law.

Copy Center filed a counterclaim against US Bank and a third-party claim against Konica Minolta, alleging that the copy machines Konica Minolta sold did not function properly and raising several state-law claims such as fraud and fraudulent inducement, unjust enrichment, breach of warranties, and breach of the implied covenant of good faith and fair dealing.

Approximately one month after Copy Center filed its third-party complaint, Konica Minolta purported to remove the lawsuit to this Court.  (Docket No. 1.)  The presiding Magistrate Judge ordered Konica Minolta to more specifically plead the citizenship of US Bank, and also asked the parties to weigh in on whether Konica Minolta's removal was proper under recent Supreme Court authority, Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1748-49 (2019).  (Docket No. 5.)  US Bank and Konica Minolta filed letters in response, and Konica Minolta amended its notice of removal to more specifically allege US Bank's citizenship.  Copy Center took no position on whether removal was proper.  Thereafter, US Bank brought this Motion to Remand.

**DISCUSSION**

In the "Eighth Circuit, third-party defendants are generally not permitted to remove." Steeby v. Discover Bank, 980 F. Supp. 2d 1131, 1136 (W.D. Mo. 2013) (citing Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991)); see also Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) (Rosenbaum, J.) ("It is well-established that a defendant cannot remove based on a counterclaim.").  The Supreme Court in Home Depot directly "address[ed] whether [the removal statute—28 U.S.C. § 1441] allows a third-party counterclaim defendant—that is,

2

a party brought into a lawsuit through a counterclaim filed by the original defendant—to remove the counterclaim filed against it." Home Depot, 139 S. Ct. at 1745-46. The Court concluded that the removal statute does not allow a counterclaim defendant to remove. See id. at 1748 ("[W]e conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim.").

Konica Minolta asserts that the Supreme Court did not mean what it said in Home Depot. According to Konica Minolta, Home Depot stands only for the well-settled principle that removal on the basis of third-party claim is improper. In other words, Konica Minolta's argument is that when the only basis for federal jurisdiction is the third-party claim, the third-party defendant cannot remove. But when there is already a basis for federal jurisdiction in the complaint—as here, when the original parties are of diverse citizenship—removal by any defendant, initial or third-party, is allowed.

Konica Minolta focuses on the Supreme Court's discussion of the principle that, when determining whether removal is proper, a district court evaluates "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." Id. But original jurisdiction over the complaint is not the only factor in determining whether § 1441 permits removal; original jurisdiction is a necessary but not a sufficient condition to removal. Home Depot's holding is that, because removal under § 1441 is premised on the "defendant or defendants" removing the "civil action"—"the action as defined by the plaintiff's complaint," id.—"'the defendant' to that action is the defendant

3

to that complaint, not a party named in a counterclaim." Id.

Home Depot's ruling is inescapable: "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." Id.  Only an original defendant or defendants to a complaint can remove a civil action to federal court.  Thus, even if the complaint raises a federal claim, if it is filed in state court and the original defendant does not to remove it, any counterclaim defendant cannot remove it.  As here, where the basis for federal jurisdiction in the original complaint is diversity jurisdiction, only the original defendant can invoke § 1441 to remove the action.  The fact that Konica Minolta was later brought into the action as a third-party defendant has no effect on whether removal is available.  As to Konica Minolta, and all third-party defendants, § 1441 does not apply.

Finally, although US Bank's Motion to Remand was brought after the 30-day time period provided in the statute, 28 U.S.C. § 1447(c), US Bank argues that Konica Minolta's amended notice of removal re-set that clock, and US Bank's Motion to Remand is timely.  Konica Minolta does not challenge the timeliness of the Motion to Remand, and has waived any argument in that regard.  See,e.g., Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 (8th Cir. 2020) (holding that "nonjurisdictional defect[s] in removal [are] waived if not raised" by the opposing party).

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand (Docket No. 13) is **GRANTED** and this matter is **REMANDED** to the Minnesota District Court for the Fifth Judicial District, Lyon County.

Dated:     February 12, 2024

                                             *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge